FILED

IN THE UNITED STATES DISTRICT COURT 2010 FEB 26 PM 5: 24
FOR THE DISTRICT OF MINNESOTA
Civil No. 08-5348 ADM/JSM

CLERK U.S. DISTRICT COURT
[illegible district stamp]

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 4:10 MC 14 |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE LIOI |
| ) | |
| FRANK E. VENNES, JR., et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Receiver Gary Hansen's Motion to Amend Preliminary Injunction and Stay Civil Litigation ("Motion") [Docket No. 883]. Oral argument was held on February 18, 2010, at which time Gary Hansen, on behalf of the Receiver, and Robyn Millenacker, on behalf of Plaintiff United States of America, both argued in support of the Motion. No objections were made to the Motion.

Based on the memorandum submitted in support of the Motion and the oral argument heard on February 18, 2010, the Motion is granted and the October 16, 2008 Order for Entry of Preliminary Injunction, Appointment of Receiver, and Other Equitable Relief [Docket No. 59] is hereby amended to include a stay of civil actions and is restated as set forth below.

A true printed copy in 15 sheet(s)
of the electronic record filed on 2-18-10
in the United States District Court
for the District of Minnesota.
CERTIFIED, 2-25, 2010
RICHARD D. SLETTEN
BY: _____
Deputy Clerk

Case 0:08-cv-05348-ADM-JSM Document 944 Filed 02/18/10 Page 2 of 15

## AMENDED ORDER FOR ENTRY OF PRELIMINARY INJUNCTION, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America ("United States") filed a Complaint for Permanent Injunction and Other Equitable Relief and moved for an *ex parte* Temporary Restraining Order ("TRO"), Preliminary Injunction, and Other Equitable Relief. On October 3, 2008, based on a finding of probable cause in this matter, the Court issued an *ex parte* TRO and an Order to Show Cause why a Preliminary Injunction should not be issued. An Amended Complaint was filed on October 6, 2008. The Court set a hearing on the United States's motion for October 16, 2008. The United States and Defendant Frank E. Vennes, Jr., dba METRO GEM FINANCE, METRO GEM, INC., GRACE OFFERINGS OF FLORIDA, LLC, METRO PROPERTY FINANCING, LLC, 38 E. ROBINSON, LLC, 55 E. PINE, LLC, ORLANDO RENTAL POOL, LLC, 100 PINE STREET PROPERTY, LLC, ORANGE STREET TOWER, LLC, CORNERSTONE RENTAL POOL, LLC, 2 SOUTH ORANGE AVENUE, LLC, MANDAN PROPERTIES, LLC, CENTURY APARTMENTS, LLC, YOUNGSTOWN HOLDINGS, LLC, METRO DEVELOPMENT PROPERTIES, LLC, GRACE OFFERINGS OF ST. PAUL, LLC, PROJECT RIVERWATCH, LLC, FRIENDS OF HOPE ACADEMY, LLC, PLANDO, LLC, ART GROUP, LLC, and METRO GOLD, INC. (collectively "Defendant") stipulated on October 16, 2008, seeking Entry of this Order for Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief.

## FINDINGS OF FACT

Based upon the Stipulation, and all the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1. The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2. Venue lies properly with the Court.

3. Defendant has received the United States's Complaint for Permanent Injunction and Other Equitable Relief, dated October 2, 2008, and the Court's *ex parte* Temporary Restraining Order, dated October 3, 2008. Defendant has also received the United States's Amended Complaint dated October 6, 2008.

4. The Court has previously found probable cause in connection with the *ex parte* TRO issued on October 3, 2008.

5. Defendant has stipulated to the entry of this Order.

6. No security is required of the United States for issuance of a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65 (c).

## I. ASSET FREEZE

IT IS THEREFORE ORDERED that Defendant and any affiliates, subsidiaries, divisions, successors, or assigns in which Defendant has a controlling interest; their agents; including financial and banking institutions and other entities having possession or control of Defendant's assets; their officers; their employees; and all persons in active concert or participating with Defendant in their affairs are hereby restrained and enjoined:

A. from withdrawing or transferring any funds that are on deposit with or held on Defendant's behalf by any financial or banking institution, broker-dealer, savings and loan, escrow agent, title company, commodity trading company, trust fund or other financial agency, public or private, or being held by any other unrelated third party or insider of Defendant (except attorneys' fees or retainers previously provided for by Defendant to counsel in this matter and allowed by the Court), unless specifically authorized by Order of this Court.

B. from transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by Defendant (except attorneys' fees or retainers previously provided for by Defendant to counsel in this matter and allowed by the Court), unless specifically authorized by Order of this Court; and

C. from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of Defendant or subject to access by Defendant or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Preliminary Injunction, unless specifically authorized by Order of this Court.

IT IS FURTHER ORDERED that all assets of Defendant, including, but not limited to, real or personal property, accounts at any bank, savings and loan institution, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, trust, or other financial institution of any kind, or being held by any other unrelated third party or insider of Defendant, (except attorneys' fees or retainers

previously provided for by Defendant to counsel in this matter and allowed by the Court), are deemed to be property of the Receivership and subject to the exclusive administration by the Receiver, as detailed in this Preliminary Injunction and Order.

IT IS FURTHER ORDERED that nothing in this Stipulation and Order shall limit any legal remedies available to the United States, including, but not limited to, seizing or restraining assets, or to pursue any of the assets subject to the terms of this Order in any criminal proceedings, civil or criminal forfeiture proceedings, or other actions brought on behalf of the United States.

## II. DUTIES OF THIRD PARTIES HOLDING DEFENDANT'S ASSETS, INCLUDING FINANCIAL INSTITUTIONS

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, business entity, or person having possession, custody, or control of any account, safe deposit box, or any and all assets of Defendant shall:

A. Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale or other disposal of any such account or other asset, except:

1. for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this Court; or

2. by further Order of this Court;

B. Deny access to any safe deposit box titled in the name of Defendant or otherwise subject to access by Defendant;

C. Provide to the Receiver, appointed herein, within ten (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

1. The identification of each account or asset, including real or personal property, titled in the name of Defendant;

2. The balance of each account or a description of the nature and value of each asset under the name of Defendant as herein defined; and

3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by Defendant.

D. Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by Defendant, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed twenty five (25) cents per page copied;

E. At the direction of the Receiver, and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by Defendant; and

F. Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at

the Receiver's direction and producing records related to all accounts owned by Defendant.

### III. RECORDKEEPING AND BUSINESS OPERATIONS

IT IS THEREFORE ORDERED that Defendant; their agents, including financial and banking institutions and other persons or entities having possession or control of Defendant's assets; their officers; their employees; and all persons in active concert or participating with Defendant in their affairs must maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action; and are enjoined and restrained from:

A. Altering any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action; and

B. Disposing of any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action.

C. Defendant shall provide to the Receiver, appointed herein, within (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

1. The identification of each account or asset, including real or personal property, titled in the name of Defendant;

2. The balance of each account or a description of the nature and value of each asset under the name of Defendant as herein defined;

3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by Defendant; and

4. The identification of each account or asset, including real or personal

property, being held by any other unrelated third party or insider of Defendant, including the balance or value of such asset (s).

## IV. RECEIVERSHIP

A.  APPOINTMENT OF A RECEIVER

IT IS FURTHER ORDERED that Gary Hansen of Oppenheimer Wolff & Donnelly LLP is appointed Receiver for Defendant with full power of an equity Receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order and shall have judicial immunity. The Receiver shall be accountable directly to this Court and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure.

B.  RECEIVERSHIP POWERS AND DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized and given all necessary powers to accomplish the following:

1.  Take exclusive immediate custody, control, and possession of all the property, assets and estates belonging to or in the possession, custody or under the control of Defendant, wherever situated, except those assets seized by the United States pursuant to valid orders of a court, and except attorneys' fees or retainers previously provided for by Defendant to counsel in this matter and allowed by the Court. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets of Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of

Defendant; PROVIDED, HOWEVER, the Receiver shall not attempt to collect any amount from a person if the Receiver believes the person was a victim of the mail, wire or bank fraud scheme alleged in the Amended Complaint in this matter;

2. The Receiver shall also assume control over all ongoing business operations of Defendant, including, but not limited to, METRO GEM, INC., METRO GEM FINANCE, INC., METRO PROPERTY MANAGEMENT, LLC, METRO HOTELS & RESORTS, LLC, METRO GOLD INVESTMENTS, LLC, METRO GEM HOLDINGS OF FLORIDA, LLC, METRO PROPERTY FINANCING, LLC, 38 E. ROBINSON, LLC, 55 E. PINE, LLC, ORLANDO RENTAL POOL, LLC, 100 PINE STREET PROPERTY, LLC, ORANGE STREET TOWER, LLC, CORNERSTONE RENTAL POOL, LLC, 2 SOUTH ORANGE AVENUE, LLC, MANDAN PROPERTIES, LLC, CENTURY APARTMENTS, LLC, YOUNGSTOWN HOLDINGS, LLC, METRO DEVELOPMENT PROPERTIES, LLC, GRACE OFFERINGS OF ST. PAUL, LLC, PROJECT RIVERWATCH, LLC, FRIENDS OF HOPE ACADEMY, LLC, PLANDO LLC, ART GROUP, LLC, and METRO GOLD, INC.

With regard to these business operations, the Receiver shall:

a. Assume full and exclusive control of the operations of Defendant, removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of Defendant from control of, management of, or participation in, the business affairs of Defendant.

b. Take all steps necessary or desirable to secure the business premises of Defendant. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above-referenced business locations; (d) securing the above-referenced business locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

c. Manage, administer, and conduct the operations of the ongoing legitimate business operations of Defendant, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary;

d. Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of Defendant, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction and Order;

3. Defend, compromise, or settle legal actions wherein the Receiver or Defendant is a party commenced prior to or subsequent to this Order with the authorization of this Court.

4. Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order. The Receiver shall apply to this Court for prior approval of any payment of any debt or obligation incurred by Defendant, including reasonable living expenses and/or attorneys' fees, except payments that the Receiver deems necessary or advisable to secure and protect assets or operations of Defendant's ongoing business operations, which are found by the Receiver to be legitimate, including, but not limited to, taxes, rental payments, contractual obligations, employee wages, critical vendors, etc.;

5. Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver under this Order;

6. Use best efforts to preserve, protect, and utilize assets of Defendant as allowed and ordered by this Court;

7. Coordinate with representatives of the United States Attorney's Office and Court personnel as needed to ensure that any assets subject to the terms of this Order are available for criminal restitution, forfeiture, or other legal remedies in proceedings commenced by or on behalf of the United States, if and when such proceedings or remedies become appropriate;

8. Share information regarding the assets under the Receiver's control and the management of those assets with the United States Attorney;

9. File a Status Report every sixty (60) days with the Court; and

10. The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

C. COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendant as defined herein and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns shall fully cooperate with and assist the Receiver.

D. COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, Defendant. The Receiver shall file with the Court and serve on Defendant, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Order. Neither the Receiver nor his professionals shall increase the hourly rates used as the bases for such fee applications without twenty (20) days prior notice filed with the Court.

E.  RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $100,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

V. **STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons (except the Receiver), are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants (which includes any entities owned or controlled by the Receivership Defendants), including, but not limited to:

A.  Petitioning, or assisting in the filing of a petition that would cause any Receivership Defendant to be placed in bankruptcy;

B.  Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitation;

C. Filing or enforcing any lien on any asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D. Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody or possession of the assets or documents subject to the Receivership.

Providing that, this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iv) participation by creditors or other interested parties in ongoing bankruptcy proceedings filed by the Receiver.

In each of his required 60-day Status Reports, the Receiver shall advise the Court whether he believes the stay can be lifted or should remain in place.

## VI. JURISDICTION

IT IS FURTHER ORDERED:

(1) The Court shall retain exclusive jurisdiction of this matter for all purposes; and

(2) Civil discovery during the pendency of this Preliminary Injunction is stayed.

SO ORDERED.

BY THE COURT:

_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 18, 2010.